**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EAGLE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ERIC HARGAN, in his official capacity as Acting Secretary of Health and Human Services; <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; <br><br> SCOTT GOTTLIEB, in his official capacity as Commissioner of Food and Drugs; <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION, <br><br> Defendants, <br><br> APOTEX, INC., <br><br> Intervenor-Defendant. | Case No. 1:16-cv-00790-TJK <br><br> Judge Timothy J. Kelly |

**PLAINTIFF'S REQUEST FOR STATUS CONFERENCE**

1.  This case relates to FDA's decision not to recognize and confer Orphan Drug Act marketing exclusivity for Plaintiff Eagle Pharmaceuticals, Inc.'s product Bendeka. The issues presented in this matter are not novel. On September 5, 2014, Judge Ketanji Brown Jackson in this District ruled on the precise legal question at issue, concluding that "[t]he plain language of the exclusivity provision of the Orphan Drug Act requires the FDA to recognize exclusivity for any drug that the FDA has designated and granted marketing approval." *Depomed, Inc. v. U.S. Dep't of Health & Human Servs.*, 66 F. Supp. 3d 217, 237 (D.D.C. 2014). Plaintiff filed this case in April 2016, and the parties' cross-motions for summary judgment have been fully briefed and ripe for decision since October 2016.

2

2. Judge Kessler did not schedule any oral argument before this case was reassigned. Although Plaintiff maintains that resolution of this case involves a straightforward application of the plain text of the Orphan Drug Act, given the recent re-assignment, voluminous prior briefing, and the passage of time since the case was filed, Plaintiff respectfully requests a status conference to determine if oral argument would be helpful to the Court in resolving the pending cross-motions for summary judgment.

3. Pursuant to Local Rule 7(m), counsel for Plaintiff conferred with counsel for the Defendants and Intervenor[1] regarding this motion. Defendants intend to file a response stating their position. Intervenor takes no position on a status conference.

Dated: November 15, 2017

Respectfully submitted,

s/ Philip J. Perry
Philip J. Perry* (DC Bar No. 434278)
John R. Manthei (DC Bar No. 447123)
Andrew D. Prins (DC Bar No. 998490)
LATHAM & WATKINS LLP
555 11th Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: philip.perry@lw.com
*Counsel of Record

*Attorneys for Plaintiff Eagle Pharmaceuticals, Inc.*

---

[1] On August 30, 2017, Judge Kessler allowed Apotex—a company that is seeking to market a generic version of Plaintiff's drug—to intervene in this matter. Order, ECF No. 52. Judge Kessler did so because *inter alia* "if Eagle prevails on the merits in the case and the Federal Defendants elect not to appeal, Apotex would have no appeal in which to intervene at a later date." Mem. Op. ECF No. 53 at 5. In granting intervention, Judge Kessler "assume[d] that Apotex [wa]s not requesting to submit additional motions concerning the pending summary judgment pleadings." *Id.* at 4.